IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFREY BRIAN ROSSLER**                                                      **PLAINTIFF**

**v.**                                                 **CAUSE NO. 1:25-cv-00348-LG-BWR**

**MATT HALEY, et al.**                                                    **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Jeffrey Brian Rossler initiated this action on November 20, 2025. He is an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi.

On November 24, 2025, the Court ordered Rossler to review a packet of information relevant to the prosecution of this lawsuit and to acknowledge receipt in writing within thirty days. Having received no response, on January 8, 2026, the Court entered an Order to Show Cause [4], directing Rossler to show cause why this case should not be dismissed for failure to obey a Court Order [3]. Still having received no response, the Court entered a Second and Final Order to Show Cause [5] on January 30, giving Rossler one last chance to either comply or show cause.

All Orders were mailed to Rossler at his address of record, and none of them were returned to the Court as undeliverable. To date, he has not responded to these Orders, provided a change of address, or otherwise contacted the Court about his case since the day he filed his Complaint. The Court has explicitly warned Rossler four times that his failure to comply with Court orders or keep the Court advised of his current mailing address may result in this case being dismissed.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

Rossler has not contacted the Court about this case in nearly three months, demonstrating a clear lack of interest in pursuing his claims. Since Defendants have never been called upon to respond to the Complaint, nor have they appeared in this action, and since the Court has not considered the merits of Rossler's claims, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of February, 2026.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE